Ely Grinvald, Esq.
2355 Westwood Blvd., #562
Los Angeles, CA 90064
Phone: (213) 616-8172
grinvaldely@gmail.com

*Attorneys for Plaintiff,*
*Evelyn Barron*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EVELYN BARRON,**<br><br>                    **Plaintiff,**<br><br>          **v.**<br><br>**JEFFERSON CAPITAL SYSTEMS, LLC,**<br><br>                    **Defendant.** | Case No.: 5:24-cv-80<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Evelyn Barron, by and through the undersigned counsel, complains, states, and alleges against defendant Jefferson Capital Systems, LLC, as follows:

## **INTRODUCTION**

1.     This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (the "RFDCPA").

2.     In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 USC §§ 1692 *et seq.*, in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).  At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss

of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws

. . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) and (c).

3.      Congress explained that the purpose of the Act was not only to eliminate

abusive debt collection practices, but also to "ensure that those debt collectors who refrain

from using abusive debt collection practices are not competitively disadvantaged."  *Id*., §

1692(e).  After determining that the existing consumer protection laws were inadequate,

Congress gave consumers a private cause of action against debt collectors who failed to

comply with the Act.  *Id*., § 1692k.

4.      In determining whether a collection letter violates the FDCPA, courts in the

Ninth Circuit apply the least sophisticated consumer standard, "[i]f the least sophisticated

debtor would likely be misled by a communication from a debt collector, the debt collector

has violated the [FDCPA]." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir.

2007).

5.      The FDCPA does not ordinarily require proof of an intentional violation, and

is considered a strict liability statute, whereby a single violation is sufficient to establish

civil liability against a debt collector.

**JURISDICTION AND VENUE**

6.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §

1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).  The Court has supplemental jurisdiction

of any state law claims pursuant to 28 U.S.C. §1367.

COMPLAINT AND DEMAND FOR JURY TRIAL

7.     This court has jurisdiction over defendant Jefferson Capital Systems, LLC because defendant regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

8.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## **PARTIES**

9.     Plaintiff Evelyn Barron ("Plaintiff") is a natural person who is a citizen of the State of California, residing in Adelanto, California.

10.     Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

11.     Plaintiff is a "person" as that term is defined by Cal. Civ. Code § 1788.2.(g).

12.     Defendant Jefferson Capital Systems, LLC ("JCS") is a company existing under the laws of the State of Georgia, with its principal place of business in Gwinnett, Georgia.

13.     JCS has transacted business within this state as is more fully set forth hereinafter in this Complaint.

14.     JCS regularly collects or attempts to collect debts asserted to be owed to others.

15.     JCS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

16.     The principal purpose of JCS's business is the collection of such debts.

17.     JCS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

COMPLAINT AND DEMAND FOR JURY TRIAL

18.     JCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19.     JCS is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

20.     The acts of the JCS as described in this Complaint were performed by the JCS or on JCS's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "JCS" in this Complaint shall mean JCS or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

21.     JCS alleges Plaintiff owed a debt for a personal Upstart account with Cross River Bank.

22.     Jefferson Capital alleges at some point it purchased the alleged Cross River Bank debt.

23.     Thereafter, JCS sent Plaintiff a letter, dated June 9, 2023, in an attempt to collect the alleged debt.

24.     The letter stated, or otherwise implied, that Plaintiff no longer owed money to WebBank, but now owed $7,264.07 to JCS.

25.     However, Plaintiff was never indebted to JCS, and was never indebted to JCS for $7,264.07.

26.     Debt scavengers purchase large CSV files or Excel spreadsheets of purported "accounts" from credit card companies or other debt scavengers for pennies on the dollar. These files are usually without account-level documentation establishing that the amount sought is correct, and without sufficient proof of the debt scavenger's legal right, title and/or interest in the money sought.  By paying so little for the debt, debt scavengers stand to make

- 4 -

COMPLAINT AND DEMAND FOR JURY TRIAL

tremendous amounts of money when unsuspecting or easily confused consumers pay even a small portion of the money sought.

27.    According to data provided by the Consumer Financial Protection Bureau (the "CFPB"), consumer complaints about debt scavenger and collectors attempting to collect money not actually owed by the consumer are by far the most common of all complaints received by the Bureau every year.

28.    Upon information and belief, JCS is a debt scavenger.

29.    Upon information and belief, JCS purchases large CSV files or Excel spreadsheets of purported "accounts" and merely uploads said data into its account management system without reviewing any of the information regarding any individual account or balance allegedly owed.

30.    Upon information and belief, after uploading this data, JCS begins to attempt to collect the accounts without performing any inquiry into the account or balance allegedly owed.

31.    Upon information and belief, JCS purchased a CSV file or Excel spreadsheet that included Plaintiff's name, but failed to include account-level documentation, such as a credit agreement signed by Plaintiff or any other competent proof that Plaintiff owed the amount sought to establish JCS's legal right, title and/or interest in $7,264.07 allegedly owed by Plaintiff.

32.    Indeed, Plaintiff was never indebted to JCS for $7,264.07 and JCS never extended credit to Plaintiff for $7,264.07.

COMPLAINT AND DEMAND FOR JURY TRIAL

33.    Plaintiff was never involved in any transaction with JCS for $7,264.07 and never entered into any contract with JCS for the payment of $7,264.07.

34.    Upon information and belief, JCS does not possess competent proof that Plaintiff owes $7,264.07 to JCS.

35.    Upon information and belief, JCS does not possess any credit agreement between Plaintiff and JCS for $7,264.07.

36.    Upon information and belief, JCS does not possess competent proof that Plaintiff agreed to pay $7,264.07 to JCS.

37.    Upon information and belief, JCS does not possess any competent proof that Plaintiff is obligated to pay $7,264.07 to JCS.

38.    Upon information and belief, JCS does not possess any competent proof that $7,264.07 was ever owed by Plaintiff to JCS.

39.    Upon information and belief, JCS does not possess any competent proof that Plaintiff owed $7,264.07 at the time JCS purchased the portfolio of debt.

40.    JCS holds no legal right, title or interest in $7,264.07 owed by Plaintiff.

41.    Nevertheless, in its efforts to collect the money, JCS decided to contact Plaintiff by letter.

42.    Rather than preparing and mailing such letter to Plaintiff on its own, JCS decided to utilize a third-party to perform such activities on its behalf.

43.    As part of its utilization of the third-party, JCS conveyed information regarding Plaintiff and the alleged debt to the third-party by electronic means.

COMPLAINT AND DEMAND FOR JURY TRIAL

44.    The information conveyed by JCS to the third-party, which, upon information and belief, was viewed by employees of the third-party, contained Plaintiff's personal and private information including personal identifying data, among other things.

45.    The third-party then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at JCS's direction.

46.    That letter, dated June 9, 2023, was received and read by Plaintiff.

47.    The letter was the initial written communication received from JCS regarding the alleged debt.

48.    The letter stated, "[JCS] is . . . the owner and current creditor of your referenced account."

49.    The foregoing is a legal conclusion, intending to make consumers believe that JCS is the creditor of the account, in order to induce quick payments from consumers who may otherwise dispute the debt or question whether JCS is in fact the actual creditor of the alleged debt.

50.    Then, the letter stated, "We may report information about your account to credit bureaus. Negative information such as a default may be reflected on your credit report."

51.    Under § 1692g(a) of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "Validation Notice," that contains relevant information about the alleged debt and how to dispute it.

52.    Pursuant to the FDCPA § 1692g(a), the debt collector must:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless

COMPLAINT AND DEMAND FOR JURY TRIAL

the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

53.    Pursuant to Regulation F of 12 CFR § 1006.34(b)(5) "Validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

54.    The letter states, in the relevant part, "Call or write to us by July 19, 2023, to dispute all or part of the debt. If you do not, we will assume that our information is correct."

55.    The letter provided Plaintiff a deadline of July 19, 2023, to dispute the alleged debt, request validation, and/or request the name and address of the original creditor.

56.    Upon information and belief, the letter was not mailed on June 9, 2023.

57.     Upon information and belief, the letter was mailed on a date later than June 9, 2023.

58.     Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is not July 19, 2023.

59.     Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is a later date.

60.     The Letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

61.     Pursuant to the 15 U.S.C. § 1692g(b), in the relevant part, "…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

62.     By providing a validation deadline date of July 19, 2023, JCS overshadowed Plaintiff's rights.

63.     By providing a validation deadline date of July 19, 2023, JCS does not provide Plaintiff the full thirty days.

64.     By providing a validation deadline date of July 19, 2023, JCS shortened the requisite validation period.

65.     JCS's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from JCS's conduct.

COMPLAINT AND DEMAND FOR JURY TRIAL

66.    Plaintiff justifiably fears that, absent this Court's intervention, JCS will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

67.    Plaintiff justifiably fears that, absent this Court's intervention, JCS will ultimately cause Plaintiff unwarranted economic harm.

68.    Plaintiff justifiably fears that, absent this Court's intervention, JCS will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

69.    Plaintiff justifiably fears that, absent this Court's intervention, JCS will ultimately cause Plaintiff to be sued.

70.    Plaintiff has the right to live without being subject to false claims from Defendant. Plaintiff has the right to be free from invasions into her privacy and intrusions upon her solitude and seclusion. Plaintiff has the right to be free from harassing, annoying, oppressive, and abusive conduct. Plaintiff infringed upon Plaintiff's rights, causing her concern, worry, loss of time, emotional distress, and economic harm.

71.    A favorable decision herein would serve to deter JCS from further similar conduct.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692c(b) and § 1692f**

72.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73.    Plaintiff is a "consumer" as that term defined by the FDCPA.

74.    JCS is a "debt collector" as that term is defined by the FDCPA.

75.    The alleged debt is a "debt" as that term is defined by the FDCPA.

COMPLAINT AND DEMAND FOR JURY TRIAL

76.    The letter is a "communication" as that term is defined by the FDCPA.

77.    15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

78.    The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

79.    Plaintiff never consented to JCS's communication with the third-party vendor concerning the debt.

80.    Plaintiff never consented to JCS's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

81.    Plaintiff never consented to JCS's communication with anyone concerning the debt or concerning Plaintiff's personal and/or confidential information.

82.    Upon information and belief, JCS has utilized a third-party vendor for these purposes thousands of times.

83.    JCS utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

84.    JCS utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

85.    JCS utilizes a third-party vendor with reckless disregard for the harm to Plaintiff that results from JCS's unauthorized disclosure of such private and sensitive information.

COMPLAINT AND DEMAND FOR JURY TRIAL

86.    JCS utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

87.    JCS utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

88.    JCS violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's debt to the third-party vendor.

89.    15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

90.    The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

91.    JCS disclosed Plaintiff's private and sensitive information to the third-party vendor.

92.    JCS violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

93.    As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers.  15 U.S.C. § 1692(a)-(b).

94.    Specifically, Congress sought to protect consumers from communications by debt collectors to third parties.  See S. Rep. No. 95-382, at 4 (1977) reprinted in U.S.C.C.A.N. 1695, 1698.

95.    As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

COMPLAINT AND DEMAND FOR JURY TRIAL

96.    A violation of Section 1692c(b) is an invasion of privacy.

97.    As described herein, JCS violated Section 1692c(b).

98.    As described herein, JCS invaded Plaintiff's privacy.

99.    As such, Plaintiff has standing to seek redress in this Court.

100.    A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

101.    A violation of Section 1692c(b) is a public disclosure of private facts.

102.    As described herein, JCS violated Section 1692c(b).

103.    As described herein, JCS publicly disclosed Plaintiff's private facts.

104.    For the foregoing reasons, JCS violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2)

105.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

106.    The Plaintiff is a "consumer" as that term defined by the FDCPA.

107.    JCS is a "debt collector" as that term is defined by the FDCPA.

108.    The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

109.    The letter is a "communication" as that term is defined by the FDCPA.

110.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

COMPLAINT AND DEMAND FOR JURY TRIAL

111.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

112.    As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

113.    To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

114.    A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

115.    As previously stated, Plaintiff did not owe the amount JCS alleges is owed to JCS by Plaintiff.

116.    As such, JCS did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

117.    JCS's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

118.    As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

119.    To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

COMPLAINT AND DEMAND FOR JURY TRIAL

120.    A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

121.    As set forth above, Plaintiff did not owe money to JCS.

122.    As such, JCS did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

123.    JCS's statement that JCS was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to JCS, violates 15 U.S.C. § 1692g(a)(2).

124.    For the foregoing reasons, JCS violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2), and is liable to Plaintiff therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10)**

125.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

126.    The Plaintiff is a "consumer" as that term defined by the FDCPA.

127.    JCS is a "debt collector" as that term is defined by the FDCPA.

128.    The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

129.    The letter is a "communication" as that term is defined by the FDCPA.

130.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

COMPLAINT AND DEMAND FOR JURY TRIAL

131.    15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

132.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

133.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

134.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

135.    An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

136.    An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

137.    As previously stated in this Complaint, Plaintiff did not owe the amount JCS alleged is owed to JCS by Plaintiff.

138.    JCS's contention that Plaintiff owed the alleged debt to JCS, when Plaintiff did not owe the alleged debt to JCS, amounts to conduct the natural consequence of which is to harass, abuse, and/or oppress in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692d.

- 16 -

COMPLAINT AND DEMAND FOR JURY TRIAL

139.    JCS's contention that Plaintiff owed the alleged debt to JCS, when Plaintiff did not owe the alleged debt to JCS, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

140.    JCS's contention that Plaintiff owed the alleged debt to JCS, when Plaintiff did not owe the alleged debt to JCS, is a false representation of the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

141.    JCS's contention that Plaintiff owed the alleged debt to JCS, when Plaintiff did not owe the alleged debt to JCS, is a false representation or deceptive means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10)

142.    For the foregoing reasons, JCS violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10) and is liable to Plaintiff therefor.

### FOURTH COUNT
**Violation of 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), and 1692f**

143.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

144.    The Plaintiff is a "consumer" as that term defined by the FDCPA.

145.    JCS is a "debt collector" as that term is defined by the FDCPA.

146.    The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

147.    The letter is a "communication" as that term is defined by the FDCPA.

148.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

COMPLAINT AND DEMAND FOR JURY TRIAL

149.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

150.    15 U.S.C. § 1692e(8) prohibits communicating or threatening to communicate to any person credit information which is known or should be known to be false.

151.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

152.    15 U.S.C. § 1692f prohibits the use of any unfair and/or unconscionable means to collect or attempt to collect any debt.

153.    The letter stated, "[JCS] is . . . the owner and current creditor of your referenced account."

154.    The foregoing is a legal conclusion, intending to make consumers believe that JCS is the creditor of the account, in order to induce quick payments from consumers who may otherwise dispute the debt or question whether JCS is in fact the actual creditor of the alleged debt.

155.    Then, the letter stated, "We may report information about your account to credit bureaus. Negative information such as a default may be reflected on your credit report."

156.    As set forth in the relevant paragraphs of this Complaint, Plaintiff did not owe any monies to JCS.

COMPLAINT AND DEMAND FOR JURY TRIAL

157.    JCS threat of credit reporting of the debt if Plaintiff did not pay the alleged debt was false, misleading, and/or deceptive.

158.    For the foregoing reasons, JCS violated 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10), and 1692f and is liable to Plaintiff therefor.

**FIFTH COUNT**
**Violation of 15 U.S.C. §§ 1692g(a) and § 1692g(b)**

159.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

160.    The Plaintiff is a "consumer" as that term defined by the FDCPA.

161.    JCS is a "debt collector" as that term is defined by the FDCPA.

162.    The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

163.    The letter is a "communication" as that term is defined by the FDCPA.

164.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

165.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

166.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes

COMPLAINT AND DEMAND FOR JURY TRIAL

the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

167.    The letter states, in the relevant part, "Call or write to us by July 19, 2023, to dispute all or part of the debt. If you do not, we will assume that our information is correct."

168.    The letter provided Plaintiff a deadline of July 19, 2023, to dispute the alleged debt, request validation, and/or request the name and address of the original creditor.

169.    Upon information and belief, the letter was not mailed on June 9, 2023.

170.    Upon information and belief, the letter was mailed on a date later than June 9, 2023.

171.    Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is not July 19, 2023.

172.    Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is a later date.

173.    The Letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

174.    By providing a validation deadline date of July 19, 2023, JCS overshadowed Plaintiff's rights.

175.    By providing a validation deadline date of July 19, 2023, JCS does not provide Plaintiff the full thirty days.

176.    By providing a validation deadline date of July 19, 2023, JCS shortened the requisite validation period.

COMPLAINT AND DEMAND FOR JURY TRIAL

177.    As such, JCS did not accurately set forth the deadline for Plaintiff to dispute the alleged debt as required by 15 U.S.C. § 1692g(a)(3).

178.    Pursuant to the 15 U.S.C. § 1692g(b), in relevant part, "…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

179.    Pursuant to Regulation F of 12 CFR § 1006.34(b)(5) "Validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

180.    By providing a concrete deadline, not taking into consideration the FDCPA validation period, as well as 12 CFR § 1006.34(b)(5), JCS has shortened the requisite validation period and overshadowed Plaintiff's rights.

181.    For the foregoing reasons, JCS violated 15 U.S.C. §§ 1692g, 1692g(a)(3), and 1692g(b), and is liable to Plaintiff therefor.

**SIXTH COUNT**
**Violation of Cal. Civ. Code § 1788.13(k)**

182.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

COMPLAINT AND DEMAND FOR JURY TRIAL

- 21 -

183.   Cal. Civ. Code § 1788.13(k) prohibits debt collectors from the false representation that the consumer debt has been, is about to be, or will be sold, assigned, or referred to a debt collector for collection.

184.   The letter stated, or otherwise implied, that the alleged debt was sold to JCS.

185.   JCS's representation that the debt was sold to JCS is a legal conclusion.

186.   JCS's intentional or negligent conduct of falsely representing that JCS is the current creditor of the debt, caused Plaintiff confusion, anxiety, worry, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time, in violation of Cal. Civ. Code § 1788.13(k).

187.   JCS's false representation that the debt has been, is about to be, or will be sold, assigned, or referred to a debt collector for collection, violates Cal. Civ. Code § 1788.13(k).

188.   For the foregoing reasons, JCS violated Cal. Civ. Code § 1788.13(k) and is liable to Plaintiff therefor.

**SEVENTH COUNT**
**Violation of Cal. Civ. Code § 1788.17**

189.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

190.   Cal. Civ. Code § 1788.17 provides that a violation of the FDCPA is also a violation of the RFDCPA.

191.   JCS's conduct described herein violates Cal. Civ. Code  § 1788.17, making JCS liable to Plaintiff therefor.

COMPLAINT AND DEMAND FOR JURY TRIAL

## <u>JURY DEMAND</u>

192.   Plaintiff hereby demands a trial of this action by jury.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

      a.   Finding JCS's actions violate the FDCPA and RFDCPA; and

      b.   Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

      c.   Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

      d.   Awarding damages to Plaintiff pursuant to Cal. Civ. Code § 1788.30(b); and

      e.   Awarding Plaintiff's attorneys' fees pursuant to Cal. Civ. Code § 1788.30(c); and

      f.   Awarding Plaintiff punitive damages to be determined at trial, for the sake of example and punishing defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294; and

      g.   Awarding the costs of this action to Plaintiff; and

      h.   Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

      i.   Such other and further relief that the Court determines is just and proper.

DATED: January 16, 2024

By: */s/ Ely Grinvald*
Ely Grinvald, Esq.
2355 Westwood Blvd., #562
Los Angeles, CA 90064
Phone: (213) 616-8172
grinvaldely@gmail.com

*Attorneys for Plaintiff*
*Evelyn Barron*

COMPLAINT AND DEMAND FOR JURY TRIAL